UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

MICHAEL ANDREWS,

                                          Plaintiffs,      **COMPLAINT AND JURY DEMAND**

      -against-

THE CITY OF NEW YORK, JOHN DOE POLICE
OFFICERS ##1-12,                              DOCKET #  **DEARIE, J.**

                                            Defendants.

--------------------------------------------------------------- x      ECF CASE  **POLLAK, M.J**

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seek relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a July 25, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York

in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Michael Andrews is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. John Doe Police Officers, at all times here relevant, were employees of the NYPD, and is sued in his individual and official capacities.

**10.** At all times here mentioned defendant police officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On July 25, 2012 at approximately 7:55 AM, plaintiff was in his home at 110 Chauncey Street, Brooklyn, NY, when police came to his door.

12. He was arrested and charged by police officers for robbing a toddler and her pregnant mother of her jewelry at gunpoint in Brooklyn almost three weeks before on July 6, 2012.

13. Plaintiff did not commit the crime. The police officers had no probable cause to make the initial arrest and had no probable cause to continue to hold him in custody.

14. Nevertheless, he was held in custody and denied food and water for 24 hours at the 79th Precinct. He was transported to Central Booking in Brooklyn, where, more than 30 hours after his arrest, he was released from custody without appearing before a judge. The Kings County District Attorney's office had apparently declined to prosecute him.

2

15. Despite the lack of probable cause for the arrest, the police apparently reported the arrest to the media. Plaintiff's name appeared in the *New York Post* as the person who robbed a toddler and her pregnant mother. Though he was released without charge just hours after the report first appeared, upon information and belief, no attempt at correcting the record was made.

16. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendment to the United States Constitution to be free from an unreasonable search of plaintiff's person.

   b. Violation of plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from detention and arrest without probable cause;

   c. Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

   d. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   e. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

g. Damage to reputation; and

h. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution when they illegally searched the plaintiff, and falsely arrested and maliciously prosecuted him. Defendants are liable to plaintiff under 42 U.S.C. §1983 and § 6 and 12 of the New York State Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

22. The above paragraphs are here incorporated by reference.

23. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

24. There was no reasonable expectation of successfully prosecuting plaintiffs.

25. Plaintiffs were aware of their confinement and did not consent.

26. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under common law, 42

USC §1983 and the New York State Constitution.

27. Plaintiffs were damaged by the false arrest, imprisonment, and deprivation of liberty caused by defendants.

### THIRD CAUSE OF ACTION
(CONSPIRACY)

28. The above paragraphs are here incorporated by reference.

29. Defendant officers made an agreement to attempt to cover up the assault, battery and excessive force against plaintiffs.

30. Defendant Officers took action in furtherance of this agreement by charging plaintiffs with resisting arrest.

31. Plaintiffs were injured as a result of defendants' conspiracy.

### FOURTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

32. The preceding paragraphs are here incorporated by reference.

33. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

34. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
    September 20, 2013

TO: New York City
  Corporation Counsel Office
  100 Church Street, 4th floor
  New York, NY 10007

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

6